STEVEN G. KALAR
Federal Public Defender
ELLEN V. LEONIDA
Assistant Federal Public Defender
450 Golden Gate Avenue, 19th floor
San Francisco, CA 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: ellen_leonida@fd.org

Counsel for Defendant,
JORGE RIVERA PADILLA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     PLAINTIFF, <br><br> v. <br><br> JORGE RIVERA PADILLA, <br>     DEFENDANT. | CR 20-018 EMC <br><br> DEFENDANT'S SENTENCING MEMORANDUM <br><br> HONORABLE EDWARD M. CHEN <br> DATE: MARCH 18, 2020 <br> TIME: 2:30 P.M. |

CR 20-018 EMC
Defendant's Sentencing Memorandum

1

## INTRODUCTION

Jorge Rivera Padilla grew up in abject poverty in Honduras. When he came to the United States he lived in a tent on the street, sending home the paltry amounts of money he made as a day laborer. Selling $20.00 worth of cocaine base to an undercover officer is his only criminal conviction. A sentence of time served would be more than sufficient to punish Mr. Rivera for his conduct and serve the goals of sentencing.

## DISCUSSION

Jorge Rivera's history and the nature of this offense warrant a sentence of time served, which represents a variance from the advisory Guideline recommendation. Because he has no criminal history, Mr. Rivera falls within Category I of the advisory Sentencing Guidelines. Because this offense involved less than 2.8 grams of cocaine base and he promptly accepted responsibility for his conduct, his offense level is 10. This results in an advisory Guideline recommendation of 6-12 months. U.S.S.G. § 2D1.1. Mr. Rivera's Guideline recommendation falls into Zone B of the sentencing table so the Guidelines allow for home confinement in lieu of a term of imprisonment, as long as one month is served in custody. U.S.S.G. § 5C1.1(c). Mr. Rivera has already been in custody since February 7, 2020. Thus, even without a variance, the Guidelines do not require further incarceration.

Consideration of the factors enumerated in 18 U.S.C. § 3553(a), however, compel the conclusion that a variance is warranted here. Mr. Rivera grew up in Honduras, where he lived with his mother, stepfather, two sisters, and a brother in a two room shack. He was forced to drop out of school after sixth grade because the family could not afford any further education. He started working at a young age and worked at menial jobs until he could no longer find employment. He came to the United States in a desperate effort to continue to support his family. Since arriving in this country, Mr. Rivera has been homeless, sleeping in a tent on the sidewalk. When he could find work as a day laborer, he sent the small amounts of money he made home to

CR 20-018 EMC
Defendant's Sentencing Memorandum

2

his family. Mr. Rivera has no prior criminal record. His history and characteristics thus warrant the variance he is requesting. *See* 18 U.S.C. § 3553(a)(1).

The nature and circumstances of this offense similarly support a variance from the advisory guideline range. *See* 18 U.S.C. § 3553(a)(1). Mr. Rivera sold $20.00 worth of cocaine base to an undercover officer. PSR ¶ 6. Despite the fact that he had no criminal record, and despite the scale of his crime, Mr. Rivera was charged with a felony in federal court. He was not afforded the opportunity to participate in a diversion program or any of the other rehabilitative options that would have been available in state court for a first-time, low-level offender. The time he has spent in custody already constitutes his longest (and only) jail sentence. PSR ¶¶ 20-26.

## CONCLUSION

Jorge Rivera is 28 years old and this low-level drug sale is his only criminal conviction. The time he has already spent in custody is sufficient, but not greater than necessary, to serve the goals of 18 U.S.C. § 3553(a) in this case.

Dated: March 11, 2020

                                                                  Respectfully submitted,

                                                                  STEVEN G. KALAR
                                                                  Federal Public Defender

                                                                   /S/
                                                                 ELLEN V. LEONIDA
                                                                 Assistant Federal Public Defender

CR 20-018 EMC
Defendant's Sentencing Memorandum